UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-14768-ADB

MICHAEL GRINKLEY,
Plaintiff,

v.

MASSACHUSETTS DEPARTMENT OF CORRECTIONS, ET AL.,
Defendants.

MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons set forth below, this action is DISMISSED in its entirety.

I.      Background

On September 3, 2015, this Court issued a Memorandum and Order (Docket No. 9) granting plaintiff Michael Grinkley's Motion for Leave to Proceed *in forma pauperis*, assessing his filing fee obligations under the Prison Litigation Reform Act, and directing him either to file: (1) an Amended Complaint by October 22, 2015 in accordance with Rules 8 and 10 of the Federal Rules of Civil Procedure; or (2) a Show Cause Response demonstrating good cause why this action should not be dismissed for the reasons stated therein (including the lack of *respondeat superior* liability under 42 U.S.C. § 1983, the failure to state plausible claims under 42 U.S.C. §§ 1983 and 1985, the Massachusetts Constitution, the Massachusetts Declaration of Rights, or the Massachusetts Civil Rights Act, and the statute of limitations as a bar to his claims).

On October 22, 2015, plaintiff filed what appears to be his Amended Complaint (Docket

No. 13) with an incorporated request that this Court hear his petition.  That document was typewritten; he also submitted a virtually identical handwritten version (Docket No. 14).  In these documents, plaintiff again outlines the alleged factual background contained in his original Complaint with respect to his medical treatment (or lack thereof) for Hepatitis C, which was diagnosed in 2003.  He states that he complained about his lack of treatment in 2007, at which time he was given one dose of Interferon.  He alleges that this treatment was suspended after the medication was deemed to be detrimental to his health.  He contends this inadequate treatment has resulted in his current need for a liver transplant; however, the Department of Correction ("DOC") has removed him from the liver transplant list and will not reinstate him until his family agrees to provide 24 hour support, including transportation to appointments and the hospital.

Additionally, plaintiff reasserts his claims regarding the March 2014 removal of a pic line that allegedly snapped, leaving the end protruding outside his heart valve, and causing palpitations and other problems.  And he reiterates his claim that he has suffered serious medical side effects such as loss of teeth, testicular atrophy, and gynocomastia.

Plaintiff also alleges a medical issue not previously raised in his original Complaint.  Specifically, he claims that on July 17, 2015, while he was being injected with a radioactive dye, a vein burst, causing the dye to engorge his nerve bundle, resulting in severe and ongoing pain.

Finally, plaintiff contends that the Department of Correction ("DOC") has violated his Eighth Amendment rights and his right to equal protection.  He seeks compensatory and punitive damages, along with a reduction in sentence for each day of pain and suffering.

**II.     Discussion**

As noted above, this Court construes plaintiff's submissions (Docket Nos. 13 and 14) as his Amended Complaint, filed in response to the Court's previous Memorandum and Order (Docket No. 9).   The Court liberally construes the Amended Complaint because plaintiff is proceeding *pro se*.   Nevertheless, even under a broad reading, this Court finds that plaintiff's Amended Complaint still fails to set forth plausible claims upon which relief may be granted, in accordance with the pleading requirements of Rules 8 and 10.

Once again, the Amended Complaint contains no numbered paragraphs (although plaintiff uses asterisks in part of the Amended Complaint).   More importantly, plaintiff's general and conclusory allegations of wrongdoing by the DOC and/or its agents are insufficient to state cognizable claims.   First, his Eighth Amendment claims for deliberate indifference to serious medical needs do not specify who he contends was responsible for the lack of adequate medical care.   Further, plaintiff does not provide the "who, what, when, and why" information necessary to state a claim for relief.   This is true with respect to each of plaintiff's claims regarding inadequate medical care for his Hepatitis C, the removal of the pic line, the medical side effects, and the injection of dye.

As an additional matter, as noted in the prior Memorandum and Order, the DOC itself is not liable for civil rights violations under 42 U.S.C. § 1983 based on a theory of *respondeat superior*.   In his original Complaint, plaintiff made bald allegations against the DOC's medical agent, its contractual health care providers, the Commissioner, Superintendents, Precedents, and unnamed others.   In the Amended Complaint, plaintiff simply asserts the DOC and/or its agents are liable for his condition.   Thus, there is no basis to find any direct liability has been

adequately pled.

Also as noted in the Court's prior Memorandum and Order, plaintiff's Eighth Amendment claims are deficient not only because he fails to identify any proper defendants, but also because he fails to set forth facts plausibly suggesting that the defendants possessed the requisite intent necessary to make out a deliberate indifference claim.   Even if medical care is objectively inadequate, "the Eighth Amendment is not violated unless prison administrators also exhibit deliberate indifference to the prisoner's needs."   Kosilek v. Spencer, 774 F.3d 63, 83 (1st Cir. 2014).   Here, plaintiff makes a conclusory allegation of deliberate indifference, but there are no factual allegations plausibly suggesting that defendants purposely denied adequate medical care or acted with "wanton disregard" to plaintiff's needs.   Id.   In fact, plaintiff does not allege that the defendants were even negligent.[1]   Additionally, this Court previously noted the inconsistencies in plaintiff's statements regarding lack of any medical care and his statements

---

[1] To the extent plaintiff's claims could be construed to allege negligent medical care, such claims are not cognizable.   The Massachusetts Tort Claims Act ("MTCA") serves as a waiver of sovereign immunity for certain tort claims.   It permits recovery for liability against public employers, including the Commonwealth of Massachusetts; however, it shields public employees from liability for personal injury or death caused by negligent or wrongful acts or omissions while acting within the scope of their office or employment.   Mass. Gen. Laws ch. 258, § 2. Further, before filing suit, a party must first have presented the claim to the executive officer of the public employer and received a final decision on the claim.   Mass. Gen. Laws ch. 258, § 4. Here, plaintiff has not alleged that he made such a presentment.   Further, absent an independent basis for subject matter jurisdiction, this Court lacks jurisdiction over any MTCA claim brought in federal court because the Commonwealth of Massachusetts (or its agencies) has not waived its sovereign immunity to suit in federal court.   See Caisse v. DuBois, 346 F.3d 213, 218 (1st Cir. 2003) ("By enacting the Massachusetts Tort Claims Act, the Commonwealth has not waived its Eleventh Amendment immunity to suit in federal court.").   Therefore, even assuming that plaintiff has adequately presented his claims to appropriate office, any claim for money damages under the MTCA alleging negligent medical care must be brought in state court.   See Pease v. Burns, 719 F. Supp. 2d 143, 149 (D. Mass. 2010) ("While the MTCA expressly allows citizens to bring suits against the Commonwealth in state court, it does not waive the Commonwealth's immunity against the same suits in *federal* court.") (emphasis in original).

that he has suffered side effects from medication (presumably given to him for treatment). The Amended Complaint does not resolve these inconsistencies.

With respect to plaintiff's equal protection claims, there are no factual allegations in the Complaint from which it reasonably could be inferred that plaintiffs' equal protection rights may be implicated. "An equal protection claim requires 'proof that (1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" Freeman v. Town of Hudson, 714 F.3d 29, 38 (1st Cir. 2013) (quoting Rubinovitz v. Rogato, 60 F.3d 906, 909-10 (1st Cir. 1995)). Plaintiff claims no membership in a protected class. Further, he alleges no facts plausibly suggesting that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Id. (internal quotations and citation omitted). In sum, plaintiff's Amended Complaint fails to cure the pleading problems in the original Complaint because it fails to set forth any factual basis for equal protection claims under either 42 U.S.C. § 1983 or under § 1985(3).

Similarly, as in the original Complaint, plaintiff's Amended Complaint fails to set forth plausible claims under the Massachusetts Civil Rights Act, insofar as there are no allegations of the use of threats, intimidation, or coercion in connection with his medical care claims. See Swanset Development Corp. v. City of Taunton, 423 Mass. 390, 395 (1996).

Finally, plaintiff's Amended Complaint does not set forth facts showing that his medical care claims regarding his treatment for Hepatitis C are not time-barred, insofar as it appeared he complained about his lack of medical care in 2007. In any event, in view of the other

infirmities in the Amended Complaint, this Court need not resolve the timeliness issue.

This Court has outlined in detail the various legal deficiencies in plaintiff's Complaint, and has afforded plaintiff an opportunity to cure those deficiencies by filing an Amended Complaint or an adequate Show Cause Response. Plaintiff's response, however, fails to cure the problems noted in the prior Memorandum and Order.

### III.   Conclusion

For the reasons set forth above, and for the substantive reasons set forth in the Memorandum and Order (Docket No. 9) it is hereby Ordered that this action is <u>DISMISSED</u> in its entirety.

**SO ORDERED.**

Dated: November 17, 2015                         /s/ Allison D. Burroughs
                                                                               ALLISON D. BURROUGHS
                                                                               UNITED STATES DISTRICT JUDGE